Case number 24-5225, USA v. Michael Benanti, oral argument 15 minutes per side. Mr. Paulson is the supervising attorney. May it please the court. I'm Colter Paulson of Squire Patton Boggs and the Sixth Circuit Clinic and I have with me two students, Sidney Manget and Michelle Sevillia and they will be arguing on behalf of Mr. Benanti today. They're students at Northern Kentucky University Chase School of Law. May it please the court. My name is Sidney Manget and I represent Mr. Benanti. May I reserve three minutes for rebuttal? Thank you. I'm going to talk about appellate jurisdiction and the warrant and arrest. This court has jurisdiction to review the merits of Mr. Benanti's claims de novo. The only time this court considered any of those claims was in an appeal of a judgment that no longer exists. The plain language of section 2255B required the district court to vacate and set aside the old judgment before granting relief. Once vacated, nothing in that judgment was legally retained or carried forward. It's treated as if it never existed. The court then entered a new judgment correcting Mr. Benanti's sentence and it is that new judgment, never before reviewed, that is before you now. Now some of the issues may seem similar to those raised in the prior direct appeal, but legally they are new. In Magwood, Justice Thomas explained that habeas proceedings result in a new judgment, which entitles the defendant to bring claims brought or not brought before, and that even if an error persists from the prior judgment, reimposing it again in a new judgment creates a new error. This court later expanded upon that principle in cases like Ion and King, holding that a new judgment from a habeas action entitles the defendant a fresh opportunity to challenge the sentence, conviction, or both. I agree with most of the points you're making. Can I just ask you a couple of questions about the record? Absolutely. So the January 25, 2022 Notice of Appeal says it's a Notice of Appeal. I don't know if you have the document, but one of the copies I have has like different colored, some writings in blue, some in black. I don't have the document in front of me. Okay, well it says Notice of Appeal and then right underneath it, it says Application for Certificate of Appealability. Is this the one that was filed in both the civil and criminal cases on the January 25th one? Okay, that one is in reference to the one that's signed on January 14th? I think so. It was filed on the 25th. Yeah, I wasn't trying to trick you on the dates. There's this line that says it's an Application for Certificate of Appealability, which might suggest that this was an appeal involving the 2255 case but was not related to the criminal judgment that had been amended. I'll take another look at that just to be sure, but it also listed both his criminal and his civil cases on top. Well, this docket submissions from each case. It's part of the issue that you don't need a Certificate of Appealability with the others so he wouldn't have asked for it. I understand what you're saying. I will look on that and I will look at that document and I'll have that for you ready on rebuttal. Okay, but a lot of this case turns on this first notice of appeal. A lot of this case turns on what the effect of that is. Well, the first notice of appeal was timely. It was filed in both the criminal and civil cases and the district court just failed to docket it in both. It did docket it in the civil case, but it just erred in docketing it in both despite it listing the criminal case number at the top as well. So when you say that it was filed in both the civil case and the criminal case, it sounds like docketing is filing. So it was filed in the civil case and as Judge Radler has mentioned, it did in fact reference the judgment also, but it wasn't filed in the criminal case and then Mr. Benanti did no follow-up for it in the criminal case at all. Well, actually he did file in March of 2024, let me make sure that date is correct, in February 13th, 2024, he filed an amended notice of appeal, but in it he attached, it was titled Motion to Honor Original Notice of Appeal, and he attached that previous appeal to it. The only difference is that that copy that's provided on both the civil and criminal docket had a mailing stamp over top of both the criminal and civil case numbers. So the court just did not recognize that it was, the earlier notice of appeal did have the criminal case number on it. So I guess that's my question, recognizing that that occurred, I don't understand why it would take two years later for him to come forward with an amended appeal saying, hey, by the way, this notice of appeal that I filed back on January 25th of 2022 should have been filed in the criminal case. You've got 14 days to file a notice of appeal, right? Yes, but it was filed within that time frame. It wasn't filed by your account in the right case, right? But it was filed, but it was, he did intend, he wrote the civil, or the criminal and civil number both to intend to file it, and the district court just did not file it in his case. I'm not quibbling with you on the facts. I'm asking, what responsibility does the litigant have if something is not filed in the case that they intended to file it in, a notice of appeal, which is pretty important, to follow through on it? Well, he did follow through on it. He did eventually file and did request the court to honor that original notice of appeal. Years later, right? Two years later, yes, but he did ultimately file, and he did file it in that earlier case. The district court just did not document it. But under your general principle, he could have done that 10 years later or 30 years later. I mean, he's got lots of time given his sentence. Perhaps, but he also did just receive the denial of the certificate of appealability in his habeas case, so again, it became relevant. That was that habeas case was closed, and this court did include in that order on March 7th, 2024, it explicitly said that it no longer had jurisdiction, that the civil case was closed, but then it directed the district court to docket that notice of appeal filed on February 13th, 2024. So his position is he just recently received the amended judgment in the criminal case? Well, he did, in the earlier document, he did notice that, he noted that he received that decision on January 13th, 2022, and one day later, he signed that notice of appeal. I'm sorry, that that was what you just said, that he received the amended judgment in 2022? Yes. So at that point, he knew that his sentence was now one life sentence plus 55, rather than four. And this caused him to file that notice of appeal on both his criminal case and civil case numbers. But then he sort of knew, he knew that there was this issue he was trying to fight, and then it just kind of dropped into a black hole, maybe his fault, maybe our fault, might have been our fault. Well, the court continued addressing the judgment in the civil case, and then when it finally came to a close, again, Mr. Benanti, towards the end, again, brought this court's attention to that previous intention to file a appeal in this criminal case. So the judgment is final now, based on the close of that civil case. Respectfully, may I, I must say one thing concerning probable cause before you hear from Mike. I have another question about this issue. Because you're saying, the second paragraph in this more recent notice of appeal says that Mr. Benanti never received a copy of the January 24, 2022 amended judgment. And I think you just said to Judge Boggs that he did receive it previously, which is why he filed that notice of appeal in both cases. So both those things can't be true, unless I'm misunderstanding what you're saying. I understand. I have the record site for record 45, page ID 1029 to 30, that he received the decision, and then that letter later led him to file that amended notice of appeal. When did he receive it? Did he receive it before he filed the first? One day. He received it on January 13, 2022. And then on January 14, 2022, he signed that notice of appeal from both the civil and criminal cases. OK. The amended judgment's dated January 24, so he couldn't have received it on January 13? So that was the amended judgment. But the district court granted relief on January 6, and then later filed the amended judgment at a later time. But Federal Rule of Appellate Procedure 4B2 says that the notice of appeal after announcement of the decision, but before the final order is treated as filed on the day of action. Just to be clear, there's a document which is the judge here. I guess it's Judge Farland. It says January 6, the date of imposition, and then it's dated January 24, which is the revised judgment order, although the substance of it is the same, isn't it? Yes. May I discuss the warrant and arrest real quick? I can say that for rebuttal, too. OK. You'll find that sometimes judges take you off track. OK. May I just address that real quick? Yes, please. Please go ahead. OK. So neither the warrant or arrest was supported by probable cause. The government did not defend either of these issues on the merits. Of course, we are dealing with a new judgment here. With respect to the warrant, the magistrate strayed far beyond the four corners in finding probable cause. The trial court and this court previously deferred to that finding, but it should not do so again. The affidavit lacked a nexus between the robberies and locations. It did not identify Benanti as being seen there, leaving there, and did not establish that it was his residence, and it did not state why evidence of a robbery would be there. It also contained multiple false and misleading statements, the inclusion of which was either reckless given the volume of contrary information available to the affiant or intentional to construct a two white males narrative that's carried through the affidavit, and their material. Once you strip those statements away, probable cause collapses. The good faith exception can't save it in either instance. At a minimum, he's shown that he's entitled to a Franks hearing, but given the gravity of the error, the court should grant a new trial. With respect to the arrest, the officer relied on an interagency tip. That tip was no more than a hunch that the source officer stated that he was not yet prepared to arrest on. You can see that at R87, 1558-59. And everything else relied upon by the trooper was generic and most observed after the arrest. So there was not probable cause there and evidence flowing there from should be suppressed. Thank you. May it please the court, my name is Michelle Sebelia and I represent Mr. Benanti. I will be discussing the ransom and ACCA enhancements. The habeas- Question first. I suspect I know how you divided up the issues. Do you have anything you want to add on the jurisdictional points? I just want to say here that this is a new judgment that we're looking at here. So the habeas statute required the district court to vacate the old judgment, change the sentence and enter a new judgment. As my co-counsel argued, this new judgment and new sentence mean that Mr. Benanti's sentencing arguments must be reviewed de novo. Both sentencing arguments turn on ransom. The government's appellate brief did not address ransom on the merits. Instead, it only argued that Mr. Benanti waived his ransom argument because he did not raise it during his first appeal. Benanti had no reason to raise the argument there because he had four life sentences and over 150 years. It wouldn't have changed his sentence. But now, with the new judgment, the application of the ransom enhancement, together with his ACCA claim, will change his guideline range from life to life to 324 to 400 years. Am I right that the ransom demand issue, if you lose on that, then the sentence would be the same regardless of the outcome of the ACCA issue? That is correct. Okay. Yes. So we sequentially or linearly start with the ransom demand issues. Okay. Yes. And there won't be a waiver even if we were still working under that same criminal judgment. But again, we have a new judgment. Well, so is it the rule that he didn't have to raise it the first time even though he thought there was an error because it wouldn't impact his sentence? In other words, don't you have to raise all the potential arguments to preserve them? And sometimes people prevail on arguments that don't actually impact, say, their sentence, but it could have ramifications, maybe not for this client necessarily, but could have ramifications in a future case. Well, so again, we have a new judgment here in front of us. And he actually, he doesn't meet the two exceptions because, I guess, two upheld forfeiture because, again, in that first criminal appeal, had he brought that up, it would not have mattered. And again, he didn't have a re-sentence hearing post-habeas, so he couldn't have brought that up there. But again, here- Is your rule that the new judgment means he can just argue anything now again, or is your rule that he has to, he can only argue the things that he argued the first time or he didn't argue the first time, but they wouldn't have had an impact the first time and now they will? Well- Does that make sense? I believe so. The issues here that we're presenting, again, are just the ransom and ACCA. I don't necessarily know if that means that he would like to bring up all the previous issues, but the two relevant here do matter now. And this is the first time that this court is reviewing them. Well, what is your best case from this circuit about the ransom demand? So that's going to be Messer. Messer cites Reynolds, which is a Seventh Circuit case, but Messer is a Sixth Circuit case. And while it did not decide the issue on ransom, it did note that other circuits that did reach the ransom demand on its merits have held that the enhancement may be applied only if that ransom demand is made upon a third party. And in the first sentencing- Just to highlight, by your own statement, we haven't said that the circumstances here don't meet the ransom demand requirements under the sentencing guidelines, correct? Correct. But the district court did cite Reynolds as well, the district court here. And we're not bound by Reynolds. That's Seventh Circuit, right? Correct. You are not bound by that. But at least Sixth Circuits have either cited that as majority and or just cited that case. So, again, now we're going to bring in- Oh, sorry. You can go ahead and finish. If you have a point- Okay. So, as a reminder, the government did not contest these issues, so they have waived them. Ransom and ACCA should be reviewed de novo because habeas vacated and set aside the old judgment. But, at minimum, Bonatti will win on plain error review, as seen in white, and his sentencing change will affect his substantial rights. Thank you. Thank you.  Thank you. Now, we'll hear from the government. May it please the Court. Deborah Brenneman for the United States of America. This appeal stems from the amended judgment that granted Bonatti relief under 2255. But he is not alleging any error in the relief that was granted. Instead, he tries to challenge pretrial rulings and guidelines calculations that were not affected in any way by this grant of 2255 relief. All of his substantive claims either were or could have been raised in his original appeal. Can we circle back to the procedural issues here? Certainly. So, what do you make of the fact that Mr. Bonatti did list the criminal case number on his notice of appeal that he filed back in January of 2022? It clearly was not docketed in that case, and nothing happened in the criminal case until February of 2024 when he says, oh, by the by, I want to amend that original notice of appeal. Just procedurally, from your perspective, how do we handle that? Does that, is he time barred? We maintain that his appeal is untimely. It could have been docketed in the criminal case as well, but a lot happened here when he was on notice that an amended judgment had been entered. The terminology here is actually a little bit confusing because when the court entered the order partially granting and partially denying the 2255, it enters a memorandum and order and an accompanying judgment order. That was January 6th. Correct. And that judgment order is the one that he cites in his notice of appeal. Which seems the right thing to do. That is not the actual amended judgment. Then the judge amended the order, technically at least, on January 24th. Yes, the judgment order directed the clerk to enter a corrected judgment, and that corrected judgment is the thing that was entered on January 24th. Isn't there the general principle that if you appeal too early of essentially the same thing, then your appeal springs to life when it is timely, when the court order is correctly filed? Correct. So why doesn't that work? In part because his notice of appeal specifically said that he was seeking a certificate of appealability. I suspect he listed both case numbers on it precisely because the court had listed both case numbers on it. At least in the Eastern District of Tennessee, the order resolving a 2255 proceeding is filed in both the civil and the criminal case. Mr. Bonani filed a lot of things between 2022 and 2024. He sought a certificate of appealability from this court. This court denied it. He sought rehearing. This court denied it. He sought cert. The court denied it. He filed a motion he characterized as a Rule 60B motion. The district court construed that as excessive 2255 and transferred it to this court, which said it was correctly reclassified as excessive 2255. And the court denied that as well. And he sought further review of that. And only at that point, after having exhausted, in his view, all of his options under all of his theories, did he finally say, by the way, gotcha, I want a new appeal. And that's the, quote, motion to honor my previous. That is his motion to honor. So it is true in a sense that the court system never twigged to this problem until he filed this, quote, motion to honor. Is that right? There is some indication that he wanted to appeal his new sentence, which is the phrase he uses, in the 2024 filing. He says, I want you to amend my notice of appeal because I also wanted to appeal my new sentence. That's the first we heard of it. Of course, the claims he's actually raising here today don't relate to the new sentence in that all of the facts underlying those claims have essentially been frozen for nearly a decade. The pretrial rulings, the guidelines calculations, those were all done when he was originally sentenced in 2017. So although he says he's appealing his new sentence, he isn't. There's nothing in the new sentence that is really new for these purposes. Is that sort of the issue? That is correct. That is, had the judge added some more time under some other part or had he reduced some time but not enough, then that would certainly be appealable, even in your view. Yes. Well, and he is entitled to appeal an amended judgment. I'm not disputing that. Our concern is about the scope of that appeal. This court has said, for example, when you get a corrected sentence, even if, as in this case, the court is just taking off part of the sentence, here it dismissed, vacated seven convictions in the corresponding sentences, a defendant can still challenge whether the district court's choice of remedy was appropriate, for example, because 2255 gives the court discretion to choose between full resentencing and sentence correction. Here the court chose sentence correction. We have plenty of defendants who file appeals to this court saying, actually, it should have been full resentencing. Here's why. Perhaps the best example of that is the Ajan case, which this court ended up remanding because there was ambiguity about whether the district court understood it had discretion to choose between those two options. A defendant can also appeal an amended judgment, even when it's just a corrected sentence that does not increase his sentence, if it is unconstitutional or unlawful. We see that in the Nichols case, for example, from this court in 2018. There, another judge from our district had corrected a sentence under Davis, or purported to correct a sentence, but the amount of time the defendant had served exceeded 10 years. It exceeded the statutory maximum and was unlawful, and this court reviewed that. Those are the kinds of claims that would be appropriate on an appeal from the grant of 2255 relief when the district court has chosen the sentence correction option. If a district court chooses their full resentencing option, the defendant would be entitled to raise all of his guideline calculation claims in the same way he could at the original appeal, because the court has conducted the analysis anew, full resentencing, and so those claims would be revealable. There's still subject... So that would include the ransom issue. In that context, the ransom issue would have been appropriately considered? If the court had conducted a full resentencing, then yes. He would be able to... Is the court required to do a full resentencing here? The court is not required to do a full resentencing. 2255B gives the court discretion to choose an appropriate remedy. The court clearly chose the sentence correction option, not the full resentencing option, and for the reasons this court's explained in Augustine, that's appropriate, where the court is just vacating convictions in the corresponding sentences. The court could have conducted resentencing. We're not disputing that. Did the defendant challenge the substantive reasonableness of the new sentence? I believe this court's case law says he could. That's more of like a full... That's like a broader consideration of issues. It's not clear whether he could raise that if the court has only corrected the sentence. That's what I'm asking. That's... Well, I mean, that's... Isn't that this case? Or... Well, yes. This is a case where the sentence has just been corrected. It has not been... He has not been resentenced. So he should have raised these claims at the first available opportunity on his direct appeal, and he chose not to. This isn't simply that he, you know, it didn't matter or he didn't want to raise it. He was well aware that he could raise sentencing claims, and he knowingly chose not to pursue them. So you're saying that when the district court says that it is, quote, correcting the sentence, then you can't raise new claims even if the judge makes some mistakes in it? In other words, does it insulate the district court by calling it a correction rather than a complete resentencing? Well, this court has scrutinized these kinds of things to say, even if you call it a sentence correction, if you are reviewing the 3553AA factors anew, then you are actually resentencing. The case name escapes me at the moment, but this court remanded one case and said, if you said you're doing that, you have to give him a full resentencing. Bring him to court. Let him do all of this over. And so those cases, all of those issues would be reviewable. So what is the precise rule that you're saying applies when it's a corrected sentence? Because I understand you to be saying that it's much narrower. If all the judge is doing is correcting the sentence, then you can't open up a Pandora's box of every possible sentencing thing that could have happened. So what is the guiding principle for us to figure out? I mean, I've read Ajan or Ajan, however we pronounce that. I've read King. I've read Maywood. And I need some help there. I think the best language does come from Ajan, where it says the defendant may challenge the relief granted. And so the question is, what relief has been granted? I'm sorry. I didn't mean to over-talk you. But what's the guiding principle from that? The guiding principle is that he can challenge the choice of remedy, for example. He could challenge the court's discretionary choice to only correct instead of resentence. If the sentence itself is unlawful, he can challenge that. It's hard to imagine the full scope of all of the claims he could raise. But this doesn't erase all of the previous rulings in the case, such that he can start over, for example, and raise claims about pretrial rulings. Although, I mean, isn't that the—I mean, they can correct me on rebuttal. That sort of is their position. This is a new judgment. And under cases like Magwood, their interpretation of them, it's a new judgment. So you have to be able to attack the new judgment. I didn't hear them say that the correction versus resentencing was the issue. It was that because it's a new judgment, then you can attack it. They may attack the new judgment. But that does not resurrect all of the claims that could or should have been raised. You're saying they can attack it, but they can only attack it in certain ways. There are certain limited claims they can do because of the kind of change. Because here, the judge basically went through and struck out the seven claims, and then it added things together and, you know, did sentencing things. If it made mistakes in any of those points— He could appeal those. You could have attacked that. And none of those appear in his brief before this court. The claims he's raising instead are all things that he could have raised or, in fact, did raise. His probable cause for arrest claim, for example, has already been reviewed by at least nine separate federal judges, all of whom have found probable cause. It's a well-settled principle that issues once decided should stay decided unless there are some extraordinary circumstances. This court's identified three situations which would count as extraordinary circumstances. New evidence. Great. Intervening legal authority that contradicts the prior ruling. Or some other clear error that results in a manifest injustice. We don't have any of those things in this case. Conspicuously absent from their briefing is any mention of even the term manifest injustice. The facts upon which he relies were all known to the district court at the time of his sentencing in 2017. And he hasn't identified any case law that says that all of the courts who've already considered these issues have gotten it wrong. Probable cause for the search warrant, for example. We have the magistrate judge who issued the search warrant in the first place. He found there was probable cause. There's the magistrate judge in our district who prepared a report and recommendation recommending denial of the motion to suppress. The district court who denied the motion to suppress upon finding that there was probable cause. The district court, again, in denying a new trial motion. It's the same judge, I understand. On appeal, judges Ketledge, Gilman, Bush, they all looked at this case. Supreme Court denied search. Mr. Bonani keeps filing more things. Judge Varlin denies a 2255. He seeks a certificate of appealability and Judge McKeague, writing for the court, says nobody can disagree with it. There's probable cause. We're not granting a certificate of appealability because reasonable jurists would not disagree about this. Mr. Bonani, unsatisfied, sought a rehearing at a panel consisting of Seiler, Moore, and  Denied rehearing. That's a lot of judges who have looked at this case and said there was probable cause for the search warrant. There was probable cause for Mr. Bonani's arrest. These claims are not claims this court should reopen. Similarly, the sentencing claims, the ransom enhancement, for example. We know that Mr. Bonani was aware that he could have raised sentencing claims on direct appeal. Some of his own filings with this court show that. In his original direct appeal, he attempted to file a lengthy supplemental brief and attached an email exchange he had with his attorney at the time. This is document 44-3 in his original appeal. That's 1758-67. And he says, I am not too concerned with sentencing issues. Don't spend too much time with it. I just want the issues raised that I think are important. And his attorney wrote back to him and says, I agree. After doing research, I think it is a waste of time to argue sentencing claims, although there are some arguments we could make. He was aware he could challenge his sentence originally, and he chose not to do so. He doesn't get to resurrect these claims now. And as for his challenge to the armed career criminal classification, for example, he never challenged that in the district court. So this court would not be reviewing it de novo in any event. It would be plain error in the way that any claim raised for the first time on appeal is only reviewed for plain error. Mr. Bonani can't satisfy that standard. He cannot show, to cut to the easy one, he can't show that his substantial rights would be affected, because his sentence would be the same. In the end, this case is a case of a defendant who is understandably unhappy with his very long sentence. But that long sentence has already been affirmed. The long sentence that was originally opposed, he didn't identify any reversible error in that. The new relief that he got here in light of Davis, to have seven of his convictions and sentences vacated, that's what this court is essentially reviewing now, and he hasn't raised any reversible error in that determination. We ask the court to affirm. Thank you. We'll hear three minutes of rebuttal. Okay, so I have four points to make on rebuttal. For the first one, with respect to the notice of appeal, we read the notice of appeal to correspond with the criminal case number, and the application for certificate of appealability to correspond with the civil case number. We would also just direct the court to Tyrell, which it says to construe pro se litigant filings liberally. And so we've also heard of appeals that were briefed and decided a long time before becoming relevant at a later time, because there is that time gap between 2022 and 2024. We have vacatur here. We have Congress requiring a new judgment. The government's very concerned with the distinction between resentencing and correction, but doing so is purposeless, using those doctrines, because regardless of the sentencing, resentencing or correction, the relief granted, Congress requires that the court have vacated the judgment first. And the government's doctrines are judgment-based. So in support of law of the case, it cites Obie. Obie states three things are required to be a law of the case holding. A statement must have contributed to a judgment, been intended as a basis for a judgment, and reflect an issue the panel actually decided. That is to say, if Benanti were bringing these claims with respect to his previous judgment, then there's no question law of the case would block it. But here, that's not the case. And with respect to appellate forfeiture, the government cites Pembroke, which lays out the step-by-step process for every court applying the appellate forfeiture doctrine in the criminal sentencing context. It's an uninterrupted, it's a single proceeding uninterrupted by any level of judgment vacatur, be it through a habeas action or a judge's discretion to vacate the full judgment. With respect to the probable cause arguments that my friend on the other side brought up, the magistrate, there was, probable cause was found previously. But the magistrate went clearly outside the four corners. You can check out our brief, pages 34 to 35, our opening brief. We've provided a table that compares the magistrate's R&R versus the warrant itself, which is 33-1 in the record. It's clear that the magistrate went way outside, and both the trial court and this court deferred to that finding. So, and also his substantial rights with respect to the sentencing arguments would be affected once you combine both ransom and ACCA. The government did not respond to either of these arguments on the merits, and it just did not discuss ransom whatsoever in its brief. But ultimately, even if the issues were reached before, the merits must be reviewed. De novo, because Congress requires it. Mr. Bonatti's filing was timely. It must be construed liberally because he's a pro se litigant. And the court could give its previous opinion the same value as any other unpublished persuasive authority, but it's not binding, it's wrong, and it's not persuasive because it does not provide much legal rationale underlying its holdings. So, thank you. Thank you. Thanks to both parties. This is a challenging case. We'll do our best with it. Let me say, particularly to the students, thank you, and to the clinic, thank you for your arguments. We appreciate you accepting the appointment from the court. We hope to see you back in the future.